UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Leonard Bingham, Jr.,                          Case No. 3:20-cv-449

         Plaintiff,

   v.                                                MEMORANDUM OPINION
                                                          AND ORDER

State of Ohio, *et al.*,

         Defendants.

## I.    INTRODUCTION

Defendants the Lima City Police Department, Dustin Brotherwood, and Trent Kunkleman move to dismiss Plaintiff Leonard Bingham, Jr.'s pro se complaint.[1] (Doc. No. 5). After retaining counsel, Bingham filed a motion for leave to amend his complaint. (Doc. No. 11). Bingham also filed a brief in opposition to Defendants' motion to dismiss. (Doc. No. 14). Defendants filed a brief in opposition to Bingham's motion to amend, (Doc. No. 13), and a reply brief in support of their dismissal motion. (Doc. No. 15). For the reasons stated below, I deny Bingham's motion to amend and grant Defendants' motion to dismiss.

## II.    BACKGROUND

On April 1, 2016, officers with the Lima, Ohio Police Department executed a search warrant at 419 South Collett Street in Lima, Ohio. *See Ohio v. Bingham*, 141 N.E.3d 614 (Ohio Ct. App.

---

[1] While the case caption identifies the State of Ohio as a defendant, the complaint does not include any factual allegations attributing any conduct or assigning liability to the State. (*See* Doc. No. 1).

2019). Lima police officers had been investigating numerous reports suggesting drugs were being trafficked at the property and, on March 30, 2016, officers arranged for a confidential informant to go to the property and conduct a controlled buy of marijuana. While executing the search warrant, officers uncovered a variety of illegal drugs and drug paraphernalia, as well as a gun. The gun and crack cocaine were found inside a shoebox that Bingham was seen carrying inside. *Id.* at 619.

Bingham was indicted by a grand jury on three drug-related counts and one count of illegally possessing a weapon. Bingham filed a total of three motions to suppress evidence seized pursuant to the execution of the search warrant, all of which the trial court denied. *Id.* at 620. The court also denied Bingham's two motions to reconsider the denial of his suppression motions and his motion to dismiss the indictment. *Id.* at 620-21.

On October 26, 2018, Bingham changed his not-guilty plea to a plea of no contest, pursuant to a negotiated plea agreement which permitted him to appeal the trial court's denial of his suppression motions. A few weeks later and prior to sentencing, Bingham filed a motion to withdraw his no-contest plea as to two of the counts in the indictment. The trial court denied Bingham's motion and sentenced him to a total of 12 years in prison. *Id.*

On appeal to the Third District Court of Appeals, Bingham argued the trial court erred in (a) failing to dismiss the indictment due to an insufficient number of grand jurors; (b) refusing to suppress evidence obtained pursuant to the search warrant; and (c) denying Bingham's motion to withdraw his plea. The Third District concluded Bingham was indicted by an appropriate number of grand jurors under Ohio law and that the trial court did not abuse its discretion in denying his motion to withdraw his plea. *Id.* at 621-22, 635.

The bulk of the appellate proceedings were dedicated to Bingham's challenges to the search warrant. Bingham claimed three paragraphs in the search warrant affidavit, which was signed and

2

submitted by Defendant Brotherwood, contained materially false statements and also omitted critical information:

> 13. Within the last 72 hours, the Task Force performed a controlled drug transaction using [a confidential informant] to purchase a known amount of Marijuana from Leonard Bingham for a known amount of money. During this the C.I. drove to 419 S. Collett to meet with Leonard. The C.I. parked his/her vehicle in the stone lot to the south of the house.
>
> 14. Investigators were maintaining visual surveillance on 419 S. Collett. Investigators watched [as] the C.I. walked around to the back of the residence. Almost immediately the C.I. is heard knocking on a door. After a short time, the C.I. was heard leaving and then seen walking from the back of 419 S. Collett.
>
> 15. Investigators followed the C.I. back to a prearranged location and took possession of the marijuana. The marijuana was field tested and found to be positive for the presumptive presence of marijuana.

*Id.* at 624. Bingham claimed Brotherwood misled the judge who approved the search warrant by claiming the informant arranged to buy from Bingham when the informant actually planned to buy drugs from another man, Joel Pea. *Id.* Further, Bingham claimed the controlled buy with Pea never actually took place, and Brotherwood's assertion otherwise was "entirely false." *Id.* at 625.

The State conceded Brotherwood's identification of Bingham as the seller in the controlled buy was not true and that the statement apparently was made with reckless disregard for the truth.[2] *Id.* The trial court, following a hearing, concluded that the controlled buy actually occurred, even if Bingham was not involved; the Third District concluded the trial court did not err in reaching that finding. *Id.* at 627. Further, the appellate court held the trial court properly denied Bingham's motions to suppress "because even when Bingham's name is removed from paragraph 13 of the search-warrant affidavit, the affidavit contains sufficient information from which a magistrate could conclude that there was a fair probability that drugs or evidence of drug trafficking would be

---

[2] Bingham also filed a complaint with the Lima Police Department regarding the search warrant affidavit. The chief of the department informed Bingham that the department had concluded the warrant affidavit did not comply with department policy and that Brotherwood had been disciplined. (Doc. No. 14-2 at 1).

3

discovered inside of 419 S. Collett." *Id.* at 628. The Third District rejected Bingham's second assignment of error as well and affirmed his conviction.

Bingham subsequently initiated this litigation. He contends the Defendants' actions violated his due process rights. (Doc. No. 1 at 3). He also seeks to amend his complaint to assert a claim against the Lima Police Department pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), as well as a § 1983 custom or policy claim. (Doc. No. 14 at 5-6).

### III.  STANDARD

Rule 12 provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).

## IV. ANALYSIS

Defendants argue the complaint must be dismissed because (a) Bingham filed suit outside of the two-year statute of limitations period applicable to § 1983 claims; (b) the Lima Police Department is not an entity which is subject to suit; and (c) Bingham fails to establish the City of Lima was responsible for the officers' misconduct. (Doc. No. 5).

Bingham's claims suffer from a more immediate problem – they have not yet accrued. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff's "cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (citation omitted).

While Bingham's pro se complaint explicitly asserts a violation of his due process rights, the true nature of his claim is one for the violation of his Fourth Amendment right to be free from unreasonable searches. *Tobias v. Pletzke*, 933 F. Supp. 2d 892, 918 (E.D. Mich. 2013) ("Given the explicit textual source of the constitutional protection, Plaintiff's challenge to the [search warrant] affidavit falls under the Fourth Amendment, and not the Fourteenth." (citing *Conn v. Gabbert,* 526 U.S. 286, 293 (1999) and *Albright v. Oliver,* 510 U.S. 266, 269-71 (1994))).

"In order to recover compensatory damages [for a violation of the Fourth Amendment's protection against unreasonable searches], . . . the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury which . . . does *not* encompass

5

the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (quoting *Heck*, 512 U.S. at 487 n.7). Bingham concedes that his claimed injury is the fact that he was convicted and imprisoned based upon a search warrant affidavit that contained false and misleading statements. (Doc. No. 14 at 4 ("[T]he actual injury regarding the false and misleading statements was not apparent until Plaintiff's appeal was denied on August 19, 2019, and when the Ohio Supreme Court denied Plaintiff's request for leave to file a Memorandum in Support of Jurisdiction on July 2, 2020.")).

Bingham's conviction has not been overturned and a ruling in his favor on his Fourth Amendment claim would imply his state-court conviction is invalid – a result expressly prohibited by *Heck* and subsequent cases. Therefore, I dismiss his claim without prejudice. *See, e.g., Hancock v. Word*, 27 F. App'x 256, 257 (6th Cir. 2001).

Further, to the extent Bingham's complaint could be read to allege an injury other than his allegedly invalid conviction, I conclude such a claim is barred by the two-year statute of limitations applicable to § 1983 claims. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (A "two-year statute of limitations applies to § 1983 claims in Ohio."). The statute of limitations "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* Bingham knew or had reason to know his rights had been violated perhaps as early as September 6, 2016, when he filed his first motion to suppress in the trial court, but no later than October 13, 2017, when he moved to suppress evidence obtained during the search because the search warrant contained materially false or misleading statements. *Ohio v. Bingham*, 141 N.E.3d at 620.

Contrary to his claims, (Doc. No. 14 at 4), Bingham did not need to wait for the Lima Police Department to admit Brotherwood had drafted the warrant affidavit in violation of department policy before he had reason to know the affidavit contained untrue statements. What Bingham

6

claims was untrue was the statements asserting Bingham sold marijuana to the confidential informant. Bingham fails to explain why he would not have reason to know he did not do something a third party claimed he did.

Thus, the statute of limitations ran no later than October 13, 2019, as to any part of Bingham's Fourth Amendment claim which does not imply the invalidity of his state-court conviction. Bingham filed suit on February 27, 2020, over four months after the limitations period expired. Any portion of his claim which is not barred by *Heck* is barred by the two-year statute of limitations.

Finally, I deny Bingham's motion to amend as futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Bingham has not identified any amendments from which I could plausibly conclude his claims either are ripe or not time-barred.

### V. CONCLUSION

For the reasons stated above, I deny Bingham's motion to amend, (Doc. No. 11), and grant Defendants' motion to dismiss. (Doc. No. 5). Further, as Bingham has paid the filing fee in full, I deny as moot his motion to proceed *in forma pauperis*. (Doc. No. 2).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge